**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | 1:10-CV-1924  AWI SMS |
| Plaintiff in Interpleader, | ORDER ON DEFENDANT'S MOTION TO DISMISS |
| v. | |
| JILL DAVILA, MAYCELLE DAVILA, and DOES 1 through 10, inclusive, | (Doc. No. 10) |
| Defendants in Interpleader | |
| AND RELATED COUNTERCLAIM | |

This is a Rule 22 interpleader action involving the proceeds of a life insurance policy. Primerica Life Insurance Co. ("Primerica") is the stakeholder of the proceeds, and Jill Davila ("Jill") and Maycelle Davila ("Maycelle") are the claimants of the proceeds. Currently pending before this Court is Maycelle's Rule 12(b)(6) motion to dismiss. After reviewing the moving papers, the Court will deny Maycelle's motion.

**FACTUAL BACKGROUND**

From the complaint, Jill and her spouse Larry Davila ("Larry") obtained life insurance in 2007. Primerica issued to Jill a life insurance policy ("the Policy") that covered the life of Jill for $150,000 and the life of Larry for $500,000. Jill was the beneficiary of the $500,000 policy on Larry's life. In 2010, Jill and Larry began divorce proceedings.

On March 22, 2010, Primerica received a letter from Jill and Larry which requested that: (1) the ownership fo the Policy be transferred from Jill to Larry; (2) Larry be named the new

primary insured under the Policy; and (3) Primerica delete coverage on Jill's life effective January 2010.  On or around the same date, Larry submitted a policy change application to Primerica that: (1) switched the primary insured on the Policy from Jill to Larry; (2) changed the beneficiary of the Policy from Jill to Maycelle (who is Larry's mother); and (3) deleted coverage on Jill's life.

On April 22, 2010, Larry died.

On May 11, 2010, Maycelle completed a claimant statement for the Policy benefits, and also elected to establish a Primerica Estate Account for the proceeds.

On June 12, 2010, Primerica advised Maycelle that her claim for the Policy benefits had been approved.  Primerica also advised Maycelle that a Primerica Estate Account had been opened in her name.  "Thereafter, the Policy proceeds in the amount of $500,000 plus applicable interest were credited to Maycelle's Primerica Estate Account."  Complaint ¶ 13.

On June 15, 2010, Jill's attorney sent a letter to Primerica indicating that Jill had an interest in the Policy proceeds.  The letter explained that Jill and Larry were in the process of a divorce, Jill and Larry were prohibited from making changes to the Policy without Court approval, any changes to the Policy that did not benefit Jill or her children were disputed as a violation of court orders, and any distribution of the Policy proceeds were to be held in trust.

As a result of Jill and Maycelle's competing claims, on June 24, 2010, Primerica froze Maycelle's Primerica Estate Account which contained that Policy proceeds.  Complaint at ¶ 15.

Primerica has deposited $508,690.68 in the Court's registry, see Court's Docket Minute Entry for October 19, 2010, and seeks an order to determine the proper recipient of the funds.

**LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. <u>Marceau v. Blackfeet Hous. Auth.</u>, 540 F.3d 916, 919 (9th Cir. 2008); <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1056-57 (9th Cir. 2008); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); see <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. That is, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

## **MAYCELLE'S MOTION**

*Maycelle's Argument*

Maycelle argues that a critical element of an interpleader action is that the plaintiff actually be a stakeholder holding a fund to which there are competing interests. Where the alleged stakeholder has already paid the fund to one of the claimants, courts have found that an interpleader action is inappropriate. Here, Primerica already paid Maycelle's claim and deposited the money in an account that was owned and controlled by Maycelle. Because the death benefit had already been paid, Primerica no longer held the disputed funds and thus, cannot be a stakeholder. This interpleader action should be dismissed, and Primerica should be ordered to repay the funds.[1]

---

[1] In reply, Maycelle also argues that, since Jill has no legitimate claim to the funds, interpleader is inappropriate because Primerica can have no reasonable fear of multiple liability. However, this ground for dismissal was not made in the motion. The Court will not consider arguments for dismissal that were first raised in

3

*Primerica's Opposition*

Primerica argues that the Complaint alleges that Jill and Maycelle have alleged adverse and conflicting claims to the $500,000.00, a reasonable fear of multiple liability to Jill and Maycelle, and the existence of a disputed stake held by Primerica. The cases cited by Maycelle are inapposite. In each case, the entity that was attempting to interplead no longer maintained any control over the disputed stake. Here, Primerica maintained control of the stake and it deposited the stake with the Court. The existence of Maycelle's Primerica Account does not defeat Primerica's right of interpleader. Courts have held that the interpleading of funds held in an account, even in an account held by one of the competing claimants, is appropriate.

*Jill's Opposition*

Jill argues *inter alia* that this case is a proper interpleader action. The cases cited by Maycelle all involve situations in which the stakeholder had no control over the stake at issue. In contrast, Primerica controlled the account where the funds were held and promptly removed then when it learned of the dispute. That is, the funds were not held by another bank or entity when this action was filed.

*Legal Standard*

"Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1033 (9th Cir. 2000). An interpleader action allows the stakeholder of a sum of money to sue all those who may assert conflicting claims, and force those conflicting claimants to litigate who is entitled to the money. See Cripps v. Life Ins Co. of N. Am., 980 F.2d 1261, 1265 (9th Cir. 1992). The "stakeholder" is the person who possesses or who is in control of the contested property. See Forcier v. Metropolitan Life Ins. Co., 469 F.3d 178, 182 (1st Cir. 2006); Commercial Union Ins. Co. v. United States, 999 F.2d 581, 583 (D.C. Cir. 1993); Nevada v. Pioneer Cos., 245 F.Supp.2d 1120, 1125 (D. Nev. 2003). An interpleader action may be brought in federal court through either Federal Rule of Civil Procedure 22 or 28 U.S.C. § 1335,

---

the reply. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007); Ruff v. County of Kings, 700 F.Supp.2d 1225, 1241 (E.D. Cal. 2010).

the federal interpleader statute.  See Morongo Band of Missionary Indians v. California Bd. of Equalization, 858 F.2d 1376, 1381-82 (9th Cir. 1988); Gelfgren v. Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982).  Under Rule 22, as long as there is an independent source of federal jurisdiction, see Gelfgren, 680 F.2d at 81, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  Fed. R. Civ. Pro. 22(a)(1).

*Discussion*

The Court has not found a case that is directly on point.  The Court is unaware of a case in which an insurance company has paid a claim, but the proceeds were then invested in a new account with the insurance company.  Nevertheless, the Court believes that this case is properly brought as an interpleader action.

Primerica and Jill are correct in their discussion of the cases cited by Maycelle.  In each of the cases cited, the would-be-stakeholder paid one of the claimants and no longer exercised any control over the funds in any form.  That is, each of the cited cases involve a financial or insurance company that fully paid one claimant's claim, and the financial or insurance company had no further connection to the proceeds whatsoever.  See Lincoln Nat'l Life Ins. Co. v. Barton, 250 F.R.D. 388, 389 (S.D. Ill. 2008) (insurance company paid claimant and was unable recover the funds once competing claims were made); Taylor v. Kemper Fin. Servs., 1999 U.S. Dist. LEXIS 14989, *4, *12-*13 (N.D. Ill. Sept. 27, 1999) (company paid proceeds of pension accounts to a trust); Chase Manhattan Bank v. Flexwatt Corp., 139 F.R.D. 573, 574-75 (D. Mass. 1991) (bank was no longer custodian of funds because claimant had completely withdrawn the disputed funds).  That is not the situation of this case.[2]

In this case, like Maycelle's cited cases, Primerica paid Maycelle's claim prior to learning about Jill's claim.  However, unlike Maycelle's cited cases, Primerica continued to exercise control of the funds.  Specifically, it was the custodian of those funds by virtue of Maycelle depositing those funds in a Primerica Estate Account.  The Court sees little difference between this case and cases in which a bank is faced with competing claims to a bank account, including a

---

[2] Maycelle has cited no other cases in support of her argument that Primerica is not a true stakeholder.

1  claim by the ostensible owner of the account.  E.g. T.D. Bank, N.A. v. JP Morgan Chase Bank,
2  N.A., 2010 U.S. Dist. Lexis 85244 (E.D. N.Y. August 19, 2010); Wachovia Bank v. Tien, 534
3  F.Supp.2d 1267 (S.D. Fla. 2007); Napa Valley Bank v. Morgan, 1994 U.S. Dist. Lexis 13779
4  (E.D. Cal. Sept. 15, 1994).  The Court has not been cited to any case which forbid banks or other
5  financial institutions from bringing an interpleader action based on the funds that they hold in
6  their accounts for their depositors.  Because banks/financially related institutions have custody of
7  the funds in their accounts, even when the funds are owned by claimant/depositors, the
8  institutions are stakeholders.  See Bergen County Nat. Bank of Hackensack v. Sheriff of Bergen
9  County, 191 A. 560, 561-62 (N.J. Chancery Ct. 1937) ("Where the law otherwise, it would,
10 indeed, be most difficult to conceive of a set of facts under which a bank or other custodian of
11 funds would ever be able to maintain an interpleader action against the depositor and the adverse
12 claimants of the deposited funds.").  While the facts of this case are somewhat atypical, the fact
13 remains that Primerica still had custody of the funds at the time suit was filed because those
14 funds were placed in the Primerica Estate Account.  At this point, Primerica was the custodian of
15 the account and is therefore a stakeholder.  See Forcier, 469 F.3d at 182.  Dismissal is
16 inappropriate.

**CONCLUSION**

Maycelle seeks to dismiss Primerica's complaint on the basis that Primerica is not a true stakeholder because it already has paid Maycelle's claim.  However, Primerica is in fact a stakeholder because it appears that it maintained control of the funds by virtue of being the custodian of the Primerica Estate Account.  Dismissal of the complaint is inappropriate.

Accordingly, IT IS HEREBY ORDERED that Defendant Maycelle Davila's motion to dismiss is DENIED and Defendant Maycelle Davila may file an answer within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:   January 18, 2011                                     _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE