IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, <br><br>   Plaintiff in Interpleader, <br> v. <br><br> JILL DAVILA, MAYCELLE DAVILA, and DOES 1 through 10, inclusive, <br><br>   Defendants in Interpleader <br>_____ <br><br> AND RELATED COUNTERCLAIM <br>_____ | 1:10-CV-1924  AWI SMS <br><br> ORDER ON PLAINTIFF'S MOTION TO DISMISS <br><br> (Doc. No. 24) |

   This is a Rule 22 interpleader action involving the proceeds of a life insurance policy. Primerica Life Insurance Co. ("Primerica") is the stakeholder of the proceeds, and Jill Davila ("Jill") and Maycelle Davila ("Maycelle") are the claimants of the proceeds. Currently pending before this Court is Primerica's Rule 12(b)(6) motion to dismiss the counterclaims of Jill. After reviewing the moving papers, the Court will grant Primerica's motion.

**FACTUAL BACKGROUND**

   From Jill's counterclaim, Jill and her spouse Larry Davila ("Larry") obtained life insurance in 2007. Primerica issued to Jill a life insurance policy ("the Policy") that covered the life of Jill for $150,000 and the life of Larry for $500,000. Jill was the beneficiary of the $500,000 on Larry's life. Jill's agent on the Policy is Jason Lewis ("Lewis"), who is an employee of Primerica.

   In October 2009, Jill and Larry filed for divorce in Fresno Superior Court. Pursuant to the California Family Code, an automatic temporary restraining order ("TRO") issued on

1  November 6, 2009.  The TRO prohibits the parties from changing the beneficiary of any life
2  insurance policy then in place, except by a signed written agreement of the beneficiary or by
3  court order.  No such agreement or order exists.  No agreement was ever made to change the
4  beneficiary on the Policy that named Jill as the beneficiary, nor was such an agreement ever
5  discussed.
6       Within two weeks of March 22, 2010, Lewis contacted Jill regarding premium payments
7  on the Policy.  From the inception of the Policy, Jill had made all premium payments but in
8  March 2010 was in arrears.  Jill explained that she was having trouble making the payments
9  because she had lost her job and was going through a divorce.  Lewis suggested that Larry make
10  the payments, and Lewis agreed to contact Larry.
11       Lewis contacted Larry.  Larry agreed to make the premium payments as long as he was
12  made the owner of the Policy.
13       Lewis contacted Jill again and informed her of Larry's agreement to take over premium
14  payments.  Lewis requested Jill's signature on a letter to Primerica requesting a change of
15  ownership from Jill to Larry.
16       On March 22, 2010, Lewis and Jill met.  Lewis presented a typed letter to Jill stating only
17  that Jill requested a change of ownership of the Policy from herself to Larry.  The letter had no
18  handwritten paragraphs thereon when Jill signed it.[1]  Jill did not sign or date any handwritten
19  sections on the letter.
20       Also on March 22, 2010, Larry and Primerica (through its employee Lewis) agreed to
21  submit and did submit a policy change application.  The application purports to change the
22  beneficiary of the Policy from Jill to Maycelle.  Jill neither agreed to the change of beneficiary
23  nor signed the application nor saw the change application.
24       On April 22, 2010, Larry died.
25       On May 11, 2010, Maycelle completed a claimant statement for the Policy benefits.
26  Primerica distributed the Policy proceeds to Maycelle by paying the proceeds into an account.
27       Jill made a claim on the Policy proceeds on June 15, 2010.
28

---

[1] The letter that Primerica attaches as Exhibit B to its complaint in interpleader has a handwritten section.

2

1    Primerica later removed the funds from Maycelle's account and filed this compliant in
2  interpleader on October 13, 2010.  Primerica deposited the Policy proceeds with the Court.
3  "Primerica admits liability under the policy in the amount of $500,000, but claims not to know
4  which person – Jill or Maycelle – to pay the proceeds to."
5    Jill filed this counterclaim against Primerica on November 24, 2010, and alleges three
6  causes of action:  breach of fiduciary duty, breach of contract, and declaratory relief.
7    On January 7, 2011, Primerica filed this motion to dismiss.
8    On February 2, 2011, Jill filed an amended counterclaim ("Document 30").
9    On February 4, 2011, Primerica filed objections to the amended counterclaim.

## LEGAL FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  That is, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

**I.     AMENDED COUNTERCLAIM**

As noted above, Primerica filed its Rule 12(b)(6) motion to dismiss on January 7, 2011, and Jill filed her amended counterclaim on February 2, 2011.

Federal Rule of Civil Procedure 15 governs amended pleadings. In pertinent part, Rule 15(a) reads: "A party may amend its pleading once as a matter of course within . . ., if the pleading is one to which a responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. Pro. 15(a)(1)(B). Rule 15 continues, "In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect. See United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003); Murray v. Archambo, 132 F.2d 609, 612 (10th Cir. 1998); Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988); Gengler v. United States, 463 F. Supp.2d 1085,1093 (E.D. Cal. 2006).

Federal Rule of Civil Procedure 7(a) identifies which documents constitute "pleadings," and any document not listed is not considered a pleading. See Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005); Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995). Counterclaims are not identified under Rule 7(a). See Fed. R. Civ. Pro. 7(a). Counterclaims are not separate pleadings, but are instead items that are asserted as part of another pleading, such as an answer. See Fed. R. Civ. Pro. 13(a)(1), (b); Columbia Gas Transmission LLC v. Crawford, 267 F.R.D. 227, 228 (N.D. Ohio 2010); Great Lakes Intellectual Prop., Ltd. v. Sakar Int'l, Inc., 2007 U.S. Dist. LEXIS 99797, *8 (W.D. Mich. Dec. 14, 2007).

Here, the docket identifies Documents 14 and 15 as "Answer to Complaint," but Document 15 continues to identify itself as a counterclaim. See Court's Docket Doc. No. 15. Primerica does not address the propriety of filing the counterclaim as a separate document, albeit

one entered as an answer. As Federal Rule 13 indicates, counterclaims, be they permissive or mandatory, are included as part of other pleadings. See Fed. R. Civ. Pro. 13(a)(1), (b). In the absence of an objection, the Court will view Documents 14 and 15 as a single filing that constitutes Jill's answer.

So viewing Document 15, Jill's "Amended Counterclaim" is a nullity. First, the amended document includes only allegations relating to the counterclaim and does not relate to the rest of Jill's answer. Jill is essentially trying to make the amended counterclaim a stand-alone pleading. This is improper because counterclaims are part of other pleadings. See Fed. R. Civ. Pro. 13. Second, if the "amended counterclaim" is viewed as Jill's "amended answer," it is in violation of Rule 15. Jill had 21 days after Primerica filed its Rule 12(b)(6) motion to dismiss in order to file an amended answer as a matter of right. See Fed. R. Civ. Pro. 12(a)(1)(B). That is, Jill had until January 28, 2011. The amended counterclaim was filed beyond the deadline on February 2, 2011. Primerica did not consent to the filing of the amended document. Viewed as an amended answer, Jill's amended counterclaim was filed in violation of Rule 15 and thus, is without legal effect. See HealthSouth Corp., 332 F.3d at 296.

The Court will not consider Document 30, but will instead strike it from the record.

## II.   PRIMERICA'S MOTION

### 1.   Breach of Fiduciary Duties

*Primerica's Argument*

Primerica argues that it is not liable to Jill because it was not in a fiduciary relationship with her. Since no fiduciary relationship exists, there can be no breach thereof. Further, to the extent that Jill attempts to hold Primerica vicariously liable for the conduct of Lewis, such an attempt is improper because Lewis was not in a fiduciary relationship with Jill.

*Jill's Opposition*

Jill filed no opposition to Primerica's motion.

*Discussion*

Jill has failed to adequately allege a breach of fiduciary duty claim. An insurance

company owes its insured "fiduciary like" duties, but an insurance company is not in a fiduciary relationship with its insureds. <u>See</u> <u>Solomon v. North Am. Life & Cas. Ins. Co.</u>, 151 F.3d 1132, 1138 (9th Cir. 1998); <u>Casey v. Metro. Life Ins. Co.</u>, 688 F.Supp.2d 1086, 1101 (E.D. Cal. 2010) <u>Vu v. Prudential Prop. & Cas. Ins. Co.</u>, 26 Cal.4th 1142, 1150-51 (2001); <u>Tran v. Farmers Group, Inc.</u>, 104 Cal.App.4th 1202, 1212 (2002). As such, Primerica cannot be liable to Jill on this cause of action because Primerica was not in a fiduciary relationship with Jill. <u>See</u> <u>id.</u>

To the extent that Jill attempts to characterize Lewis as a fiduciary, her attempt is not successful. First, no facts are alleged that would support a finding that Lewis was a fiduciary. Aside from an insufficient legal conclusion that Lewis owed Jill fiduciary duties, the only facts alleged are that Lewis was an employee of Primerica and Lewis was Jill's agent in the purchase and maintenance of the Policy. <u>See</u> Court's Docket Doc. No. 15 at ¶¶ 29, 33. What appears to be described in the counterclaim is nothing more than Primerica's agent selling the Policy to Jill and dealing with Jill for the maintenance of the Policy. This is a typical insurance arrangement, and there is nothing to suggest a fiduciary relationship. Additionally, it is unclear at this point how Lewis's alleged fiduciary status to Jill could be imputed to Primerica. In light of the California Supreme Court's conclusion that insurance companies are not fiduciaries to their insureds, Lewis's alleged fiduciary status to Jill would not appear to be part of the course and scope of his employment with Primerica.

In the absence of an opposition from Jill, dismissal of this counterclaim is appropriate.[2]

2.  Breach of Contract

*Primerica's Argument*

Primerica argues that it did not breach any contract because it acknowledged that it owed money, it just did not know whom to pay. In such a circumstance, interpleader is an appropriate response and does not constitute a breach of contract.

*Jill's Opposition*

---

[2] The Ninth Circuit has analyzed a claim for breach of "fiducuiary-like duties" under the same standards as claims for breach of the covenant of good faith and fair dealing. <u>Butler v. Clarendon Am. Ins. Co.</u>, 317 Fed. Appx. 648, 652 (9th Cir. 2009); <u>see also</u> <u>Casey</u>, 688 F.Supp.2d at 1101; <u>Tran</u>, 104 Cal.App.4th at 1212. In the absence of an opposition from Jill, the Court simply will dismiss Jill's claim with leave to amend.

1    Jill filed no opposition to Primerica's motion.

2    *Discussion*

3    Jill's counterclaim alleges that Primerica's failure to pay the Policy proceeds to her is a breach of the Policy. See Court's Docket Doc. No. 15 at ¶ 53. Thus, Jill's breach of contract cause of action is based on Primerica's failure to pay her the Policy's $500,000 death benefit.

6    The Court agrees with Primerica and sees no valid breach of contract claim alleged. When a party acknowledges that money is due under a contract, but does not know whom to pay because multiple claimants make demands for the money, interpleading the money does not amount to a breach of the contractual duty to pay. See Minnesota Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 980 (9th Cir. 1999); Flores v. Jewels Marketing and Agribusiness, 2010 U.S. Dist. LEXIS 46601, *11 (E.D. Cal. Apr. 12, 2010); Maddux v. Philadelphia Life Ins. Co., 77 F.Supp.2d 1123, 1129 (S.D. Cal. 1999); Schwartz v. State Farm Fire & Casualty Co., 88 Cal.App.4th 1329, 1340-41 (2001). Primerica's interpleading the Policy proceeds does not amount to a breach of contract.

15   In the absence of an opposition from Jill, dismissal of this counterclaim is appropriate.

16   3.    Declaratory Relief

17   *Primerica's Argument*

18   Primerica argues that a claim for declaratory relief will not lie in the absence of a present, actual controversy. The counterclaim states that a present controversy exists between Jill and Maycelle. There is no allegation of a present controversy between Jill and Primerica, and Primerica has acknowledged its liability and deposited the Policy proceeds with the Court.

22   *Jill's Opposition*

23   Jill filed no opposition to Primerica's motion.

24   *Discussion*

25   Jill's counterclaim alleges that she is the legal beneficiary, not Maycelle, and that "a present controversy exists between Jill and Maycelle as to who is entitled to the insurance policy proceeds." Court's Docket Doc. No. 15 at ¶ 58.

28   The Court agrees with Primerica. For declaratory relief to issue, there must be a present

and actual controversy between the parties.  See Green v. Travelers Indem. Co., 185 Cal.App.3d 544, 557 (1986).  The actual controversy alleged is between Maycelle and Jill, not Primerica and Jill.  Further, without explanation, it is unclear what legitimate controversy may exist between Jill and Primerica regarding the Policy proceeds given Primerica's interpleading of the $500,000.00.  The counterclaim contains insufficient allegations of a present and actual controversy between Jill and Primerica.  Cf. id.

In the absence of an opposition from Jill, dismissal of this counterclaim is appropriate.

## CONCLUSION

Dismissal of all of Jill's counterclaims is appropriate.  Jill's counterclaim for breach of fiduciary duty fails because insurance companies are not fiduciaries to their insureds.  Jill's counterclaim for breach of contract fails because Primerica has interpled the Policy proceeds, and an interpleader action is not a breach of the duty to pay a contract when the stakeholder is faced with competing claims to the money.  Finally, Jill's request for declaratory relief fails because she alleges only a present controversy between herself and Maycelle.  Because it is not yet clear that amendment would be futile, dismissal will be without prejudice to amendment.

Jill's amended counterclaim is ineffective because it was filed separate and apart from any pleading and it was filed in violation of Rule 15.  The amended document will be stricken.

Accordingly, IT IS HEREBY ORDERED that:
1. Document No. 30 in the Court's Docket is STRICKEN;
2. Primerica's Rule 12(b)(6) motion to dismiss is GRANTED and each of Jill Davila's counterclaims are DISMISSED without prejudice; and
3. Jill may file an amended answer that contains counterclaims that are consistent with this order within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:   February 16, 2011                                    /s/ signature
                                              CHIEF UNITED STATES DISTRICT JUDGE